UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

MICHAEL NEWARK,

                          Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER PATRICK CABRERA (TAX 947992),
AND POLICE OFFICER PAUL CHIERICO (TAX 936344),

                        Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiff, MICHAEL NEWARK, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

Civ. P. 38(b).

## PARTIES

6.    Plaintiff, MICHAEL NEWARK, is, and has been, at all relevant times, a resident of the

County of Queens, City and State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a

duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, THE CITY OF NEW YORK.

9.    At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

PATRICK CABRERA (TAX 947992), was a duly sworn member of said department and

was acting under the supervision of said department according to his official duties.  At all

relevant times hereinafter mentioned, Defendant Cabrera was assigned to the 105th Precinct

of the NYPD.

10.   At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

PAUL CHIERICO (TAX 936344), was a duly sworn member of said department and was

acting under the supervision of said department according to his official duties. At all relevant times hereinafter mentioned, Defendant Chierico was assigned to the 105th Precinct of the NYPD.

11.     At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14.     On February 18, 2015, at approximately 9:30 a.m., plaintiff MICHAEL NEWARK was lawfully walking at or near the intersection of 94th Avenue and 222nd Street, in the County of Queens, City and State of New York.

15.     At that time and place, the Defendants arrived on duty, in plain clothes and in an unmarked police vehicle.

16.     Plaintiff was not engaged in any suspicious or illegal activity.

17.     Despite the absence of any evidence of wrongdoing on the part of Plaintiff, without any warning or justification, the Defendants approached the Plaintiff and grabbed his cell phone.

18.     The Defendants did not identify themselves as police officers.

19.     Without any warning or justification, the Defendants searched Plaintiff.

20.     The search revealed no evidence of any guns, drugs or contraband.

21.    There was no reasonable basis for the Defendants to stop Plaintiff, approach and search Plaintiff.

22.    Plaintiff was not engaged in any violent or threatening behavior.

23.    Nonetheless, the Defendants punched Plaintiff in the face and tackled him to the ground.

24.    Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants placed the Plaintiff in handcuffs and formally arrested him.

25.    At no time on February 18, 2015 did Plaintiff commit any crime or violation of law.

26.    At no time on February 18, 2015 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

27.    At no time on February 18, 2015 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

28.    Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

29.    Thereafter, Plaintiff was transported to Queens County Central Booking where he was held for several hours pursuant to false allegations made by the Defendants.

30.    Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendant Cabrera and based on allegations made by Defendant Chierico.

31.    The Defendants provided knowingly false and misleading information to prosecutors at the Queens County District Attorney's Office.

32.    Defendant Cabrera informed the Queens County District Attorney's Office that he observed Plaintiff hand an unapprehended other United States currency and that, in return, the unapprehended other handed Plaintiff a quantity of marijuana.

33.    However, Plaintiff was not charged with any drug crimes or offenses, and Defendant Cabrera

4

did not allege in the criminal complaint that he recovered marijuana from Plaintiff.

34.   Defendants Cabrera and Chierico also alleged that Plaintiff pushed Defendant Chierico.

35.   The Defendants also claim to have recovered a forged instrument from another individual who was arrested with the Plaintiff.

36.   These and other allegations were false and the Defendants knew these allegations were false when they were made.

37.   Based on these false allegations, Plaintiff was charged with assault in the second degree, criminal possession of a forged instrument in the second degree, assault in the third degree, obstructing governmental administration in the second degree, and disorderly conduct.

38.   Over the course of the next several years, each of Plaintiff's charges stemming from this arrest was dismissed.

39.   Plaintiff acceded to an adjournment in contemplation of dismissal in each of the foregoing charges, except for the charge for assault in the second degree, which was sealed when the court granted a motion to dismiss.

40.   As a result of the foregoing, Plaintiff MICHAEL NEWARK sustained, *inter alia*, deprivation of his constitutional rights.

41.   All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

42.   All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

43.   The acts complained of were carried out by the aforementioned individual Defendants in

their capacities as police officers with all the actual and/or apparent authority attendant thereto.

44.     The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST AND EXCESSIVE FORCE
## UNDER 42 U.S.C. § 1983

46.     Plaintiff MICHAEL NEWARK repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47.     As a result of the Defendant's conduct, Plaintiff was subjected to illegal, improper and excessive force.

48.     As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF THE RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

49.   Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50.   At no time did Defendants have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

51.   Defendants misrepresented and falsified evidence to the Queens County District Attorney.

52.   Defendants did not make a complete and full statement of facts to the District Attorney.

53.   Defendants withheld exculpatory evidence from the District Attorney.

54.   Defendants was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

55.   Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

56.   Defendants acted with malice in initiating criminal proceedings against Plaintiff.

57.   Defendants directly and actively involved in the continuation of criminal proceedings against Plaintiff.

58.   Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

59.   Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

60.   Notwithstanding the perjurious and fraudulent conduct of Defendants the criminal proceedings were terminated in Plaintiff's favor when his charges were dismissed.

61.   By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated,

7

conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62.     By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

63.     Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

64.     Defendants arrested, searched, and incarcerated plaintiff MICHAEL NEWARK, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

65.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

67.     Those customs, policies, patterns, and practices include, but are not limited to:

      i.     requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

iv.   failing to properly train police officers in the requirements of the United States Constitution.

68.   The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

iii.   falsifying evidence and testimony to support those arrests;

iv.   falsifying evidence and testimony to cover up police misconduct.

69.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, MICHAEL NEWARK.

70.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

71.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

72.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed

under arrest unlawfully.

73.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

74.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

75.    All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

   i.    an order awarding compensatory damages in an amount to be determined at trial;

   ii.   an order awarding punitive damages in an amount to be determined at trial;

   iii.  reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

   iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        January 22, 2018

                                        Respectfully submitted,

                                        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                                        *Counsel for the Plaintiff*

                                             /s/
                                     By:   JESSICA MASSIMI (JM-2920)
                                           32 Old Slip, 8th Floor
                                           New York, New York 10005
                                           (212) 962-1020

10